UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BERWYN S. JEFFERSON,                                            PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:09-CV-521-S

DIRECTORATE OF RESOURCE AND
LOGISTIC MANAGEMENT, et al.,                                DEFENDANT

**OPINION AND ORDER**

Plaintiff Berwyn S. Jefferson has sued his former employer, an arm of the United States Army, as well as two named individuals and as many as 25 John Does. The *pro se* complaint asserts various state-law causes of action and one claim under Title VII of the Civil Rights Act of 1946, 42 U.S.C. §§ 2000e et seq., related to allegations that the plaintiff was racially harassed and retaliated against in the workplace. The Army (in the person of Pete Geren, Secretary of the Army) has moved to dismiss. We will grant that motion in full for the reasons that follow.

The doctrine of sovereign immunity dictates that the federal district courts lack subject-matter jurisdiction over suits against the federal government unless Congress has explicitly consented to such suits. *See*, *e.g.*, *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 et seq., consents to liability for tort claims "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, but imposes certain prerequisites to bringing a lawsuit. Most prominently, a plaintiff must first present his claim to the appropriate government agency and have his claim finally denied in writing. 28 U.S.C. § 2675(a). Plaintiff here has failed to allege completion of this requirement. Consequently we are without jurisdiction over any of the tort claims in the complaint, because Congress has not consented to any of them.

We also agree with the defendant that much of Count I is barred. It asserts a claim of harassment and employment discrimination, and Title VII preempts state law on the subject of discrimination in federal employment. *Brown v. GSA*, 425 U.S. 820, 835 (1976). For this reason, everything in Count I must be dismissed with the exception of the Title VII claim.

The Title VII claim fares no better. The basis of Count I appears to be that the defendant allegedly engaged in a "campaign of harassment" after the plaintiff witnessed and reported a theft of government property from his workplace. But Title VII bars discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. It does not protect against the kind of harassment the plaintiff claims to have experienced. Even under the generous pleading standards applied to *pro se* filings we are unable to see in the complaint "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009). We are not required to accept the truth of the complaint's legal conclusions. *DirectTV, Inc.* 487 F.3d 271, 476 (6th Cir. 2007); *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). Consequently we conclude that the plaintiff has failed to state a claim under Title VII, or any other body of law.

For the reasons stated above the Army's motion (DN 6) is **GRANTED**, and the complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.